WILSON v. FLORENCE.

1. SPECIAL STATUTORY ELECTION—ELECTORS.—Under the charter of Florence
   (20 Stat., 868), and the decision of this court in Wilson *v.* Florence, 39 S.
   C., 397, the issue of municipal bonds for internal improvements was author-
   ized, if approved at an election held for that purpose, every taxpayer,
   including estates and corporations, being entitled to one vote for every $100
   of property returned for taxation. The issue of such bonds having been
   approved at such an election by a majority in value of the taxable property
   of the municipality, the property of estates being voted by the legal trus-
   tees thereof, and that of corporations by agents who voted under specific
   authorization and instruction, no grounds exist for an injunction to restrain
   the issue of bonds authorized by such election.

This was an original application to this court on the following
petition: "The petition of John Wilson respectfully shows to
this honorable court (1) that the city council of the city of
Florence are about to issue twenty-five thousand dollars of the
bonds of the corporation, and will do so unless restrained
therefrom; (2) that heretofore the said city council undertook
to issue said bonds, claiming the right to do so by virtue of an
election held for that purpose, and were restrained therefrom
by this court, which restraining order is still of force; (3) that
on the 2d day of August, 1893, after said restraining order was
issued, the said city council held another election, to determine
the issue of said bonds, and are about to issue said bonds by
virtue of the result of said election; (4) that said city council
allowed the board of managers of the said election to receive
the votes of corporations by their president or agents author-
ized for that purpose, and the votes of estates held in trust by
the trustees of such estates, and thereby obtained a majority
vote of the taxable property of said city. Wherefore your

---

1 This completes the cases of April Term, 1893.—REPORTER.

petitioner prays that an injunction be issued by this court, re-
straining the city council of Florence from issuing the bonds of
the corporation in the said sum of twenty-five thousand dollars,
and such other and further relief be granted as to this court
should seem just and proper, and your petitioner will ever
pray,'' &c.

The return was as follows: ''The relator herein, the city
council of Florence, through its attorney, W. W. Harllee,
making return to a rule issued by this court, dated November
29th, 1893, requiring said city council to show cause before
this court, at 11 o'clock on Monday, the 4th day of December,
A. D. 1893, why an injunction should not issue restraining
said council from issuing the bonds of the corporation in the
sum of twenty-five thousand dollars, shows for cause: (1)
That by resolution of said city council adopted at a meeting
held on the 20th day of July, A. D. 1893, the mayor of said
city was authorized to order an election to determine the issue
of said bonds, a copy thereof being hereto attached as part of
this return, marked 'Exhibit A,' and, pursuant to such reso-
lution, an election was ordered to be held on the second day of
August, A. D. 1893, for such purpose, due notice of which
was given by publication in the Florence Times and the Mes-
senger, such notice stating the object of the election, the time
of opening and closing, the place, and such persons as were
allowed to vote, complying strictly with the act incorporating
said city. (2) That said election was held on said day, in the
city of Florence, by J. B. Douglas, J. E. Schouboe, and Rob-
ert Bowler, three managers, duly appointed and sworn in by
the city clerk before entering upon the performance of their
duty, as appears by the city clerk's certificate, a copy of which
is hereto attached as part of this return, and marked 'Exhibit
B.' (3) That before said board of managers entered upon said
election they were furnished by the city clerk with a list of the
property holders of said city whose names were upon said
books, who have returned and paid taxes on one hundred dol- ·
lars or upward for the year 1892, together with the amount
owned by each; also, the total taxable property of the said
city, as appears by the certificate of said clerk, a copy of which ,

is hereto attached, and marked 'Exhibit C,' as part of this return. (4) That an election was duly held, in pursuance to the published notice for that purpose, on the said day, commencing and closing at the times specified, and held at the place designated, and a vote of 5,804 was polled in favor of issuing said bonds, no vote being polled against it, representing $580,400 worth of property, one vote representing, in each case, one hundred dollars, as appeared from the city tax books at that time, the total taxable property of said city aggregating the sum of $1,098,072—less than double the amount voted in favor of issuing said bonds—as appears by the return of said board of managers, duly certified, a copy of which is hereto attached as part of this return, and marked 'Exhibit D.' (5) That upon the result, the city council are about to issue the said bonds, and will do so unless restrained by this court, or some other of competent jurisdiction. (6) That the relator admits the allegations contained in paragraph (1) one, (3) three, and (4) four, and all of (2) two, except so much as alleges that the former order of this court is binding on the city council as to the action taken subsequent to date of said order of the petition; but avers, in reply thereto, that no agent or president of any corporation in said city voted except as duly authorized by the board of directors of said corporations, and requested to vote thereon, with full instructions how to vote, as the relator is informed and believes, and alleges such information to be true. (7) That it is respectfully submitted that said corporations and trustees are taxpayers, and are, therefore, under said act, approved 24th December, 1890, incorporating the city of Florence, on page 860, Statutes at Large, entitled to express either assent or dissent as to a burden being placed on their property. Wherefore your relators pray that said application be refused, and petition dismissed, with such other relief as to the court may seem meet and proper."

*Mr. J. P. McNeill,* for petitioner.

*Mr. W. W. Harllee,* contra.

December 18, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. This is an application made by the petitioner, who is a citizen and taxpayer of the city of Florence, addressed to this court in the exercise of its original jurisdiction, praying that the city council of Florence may be enjoined and restrained from issuing bonds to the amount of twenty-five thousand dollars, for the purpose of raising money for internal improvements in said city. The respondent made a return to the rule to show cause, setting forth fully the facts which, as the return is not traversed, must be taken as true. These facts may be thus briefly summarized (though both the petition and return should be incorporated in the report of this case), to wit: that in pursuance of the powers conferred upon said city council by the charter of the city, an election was duly ordered and regularly held on the second day of August, 1893, to determine whether the bonds here in question should be issued; that at such election only those who were entitled by the charter to vote were permitted to do so, and that the result of the election, at which a majority of the qualified voters cast their votes, was in favor of the issue of said bonds, no votes having been cast against such issue. It is quite clear, therefore, that there is no ground for the injunction prayed for.

It seems to have been supposed that because this court, in a previous action between these same parties, for the same purpose, granted the injunction *then* asked for (*Wilson v. City Council of Florence*, 39 S. C., 397), the same result should follow in this case. But by reference to the opinion of Mr. Justice McGowan, who, as the organ of the court, rendered the judgment in the former case, it will be seen that the judgment then rendered was based upon totally different facts from those presented in the present case, and which have arisen since the former decision. There the injunction was granted because the election then held was not conducted in the manner prescribed by the charter of the city, and hence the city council was not legally invested with the power to issue the bonds. But since that decision was rendered, another election has been duly ordered, and conducted in conformity to the provisions of the charter, as construed by this court in the former decision, which resulted, as has been stated, in favor of

the issue of said bonds, and hence the said city council is *now* fully invested with the power to issue said bonds.

The judgment of this court is, that the application for the injunction be dismissed.